

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-4828
Re: It is mandatory that the dis-
trict judge appoint a county
auditor for Matagorda County,
Texas, a county having a tax
valuation in excess of Fifteen
Million Dollars ($15,000,000)
according to the last approved
tax roll.

We are in receipt of your letter wherein you request
our opinion as to whether it is mandatory that the District
Judge appoint a County Auditor for Matagorda County. You have
informed us that the 1942 approved tax valuations for Matagorda
County show to be $16,297,225.00. You have also informed us
that the population of Matagorda County, according to the 1940
Federal census, is 20,066 inhabitants.

Article 1645, Vernon's annotated Texas Civil Statutes,
reads as follows:

"In any county having a population of thirty
five thousand (35,000) inhabitants, or over, accord-
ing to the last preceding Federal Census, or having
a tax valuation of Fifteen Million ($15,000,000.00)
Dollars or over, according to the last approved tax
roll, there shall be biennially appointed an auditor
of accounts and finances, the title of said officer
to be County Auditor, who shall hold his office for
two (2) years and who shall receive as compensation
for his services to the county as such County Auditor,
an annual salary of not more than the annual salary
allowed or paid the Assessor and Collector of Taxes
in his county, and not less than the annual salary
allowed such County Auditor under the general law
provided in Article 1645, Revised Civil Statutes, as
said Article existed on January 1, 1940, such salary
of the County Auditor to be fixed and determined by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Robert F. Peden, Jr. - Page 2

the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county. The action of said District Judge or District Judges in determining and fixing the salary of such County Auditor shall be made by order and recorded in the minutes of the District Court of the county, and the Clerk thereof shall certify the same for observance to the Commissioners' Court, which shall cause the same to be recorded in its minutes; after the salary of the County Auditor has been fixed by the District Judge or District Judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such County Auditor, over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by order of such Court and recorded in the minutes of the Commissioners' Court of such county. As amended Acts 1927, 40th Leg., 1st C. S., p. 104, ch. 35, § 1; Acts 1929, 41st Leg., 1st C. S., p. 62, ch. 28, § 1; Acts 1931, 42nd Leg., 2nd C. S., p. 29, ch. 15, § 1; Acts 1937, 45th Leg., 1st C. S., p. 1826, ch. 45, § 3; Acts 1939, 46th Leg., Spec. L., p. 595, § 1; Acts 1941, 47th Leg., p. 1331, ch. 601, § 1." (Underscoring ours)

Senate Bill 119 of the 47th Legislature, codified as Article 1645, V. A. C. S., supra, repealed House Bill 409 of the 47th Legislature, and the above quoted statute is the valid and subsisting Article 1645, V. A. C. S. See Opinion No. O-4851 of this department, a copy of which is enclosed herewith.

Article 1646a, R. C. S., referred to in your letter (which should have been denominated as Article 1641a, R. C. S. as is more fully shown in this opinion and opinions enclosed herewith), is not applicable to your situation, as such article applies only to special auditors and not to county auditors.

This department held, in an opinion written by Hon. Bruce W. Bryant, First Assistant Attorney General, dated October 5, 1931, and recorded in Vol. 326, pp. 830-1-2-3 and 4, Letter Opinions of the Attorney General of Texas, that Article 1646a, Revised Civil Statutes of Texas, was a misnomer caused by an error made by the attorney appointed by the Governor to prepare the Revised Civil Statutes for publication and to include therein the General Laws enacted at the Reg. Ses. of the 39th Legislature (the same Legislature that passed the bill recodifying said statutes) in accordance with the authority and instructions contained in Chapter 1042 the Acts of said Legislature, and that Article 1646a was a misnomer, and should have been denominated as Article 1641a. This opinion held that county commissioners' courts of counties under 25,000 population, could, either alone or in conjunction with other counties having a population of less than 25,000 population, make an arrangement whereby they could jointly employ and compensate a special auditor or auditors for the purpose specified in Article 1641, Revised Civil Statutes. The opinion also held that such an auditor was a special auditor and was an entirely different type of auditor from that of a county auditor whose office was authorized under Articles 1645 and 1646, Revised Civil Statutes and whose duties were prescribed in the Articles following. This opinion also held that there was no statute which authorized two or more counties to jointly employ a county auditor. We think the above opinion is correct and we hereby approve same. We enclose herewith a copy of said opinion which contains a comprehensive discussion of the matters involved therein.

Article 1647, V. A. C. S., provides:

"The district judges having jurisdiction in the county, shall appoint the county auditor at a special meeting held for that purpose, a majority ruling; provided, that if a majority of such judges fail to agree upon the selection of some person as auditor, then either of said judges shall certify such fact to the Governor, who shall thereupon appoint some other district judge to act and vote with the aforesaid judges in the selection of such auditor. The action shall then be recorded in the minutes of the district court of the county and the clerk thereof shall certify the same to the commissioners court, which shall cause the same to be recorded in its minutes together with an order directing the payment of the auditor's salary. (Id.; Acts 1905, p. 381; Acts 1915, p. 182.)"

Matagorda County is in only one judicial district, to-wit, the 23rd, consisting of Brazoria, Ft. Bend, Wharton and Matagorda counties.

Inasmuch as the last approved tax valuations for Matagorda County are in excess of Fifteen Million ($15,000,000) Dollars it is our opinion that it is mandatory that the judge of the 23rd Judicial District of Texas appoint a county auditor for Matagorda County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED NOV 10, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

WJF/po

Enclosures



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN